**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRYAN ORNELAS,<br><br>                              Plaintiff,<br><br>     v.<br><br>MARKWAYNE MULLIN,<br><br>                              Defendant. | Case No. 25-cv-0916-BAS-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (ECF No. 8.)** |

Presently before the Court is Defendant's motion to dismiss Plaintiff's complaint.[1] (ECF No. 8.)

Defendant moves to dismiss for (1) failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), and (2) failure to state a claim pursuant to Rule 12(b)(6). (*Id*.) Defendant also provides "Notice" that Plaintiff failed to adequately respond to the Court's July 29, 2025, Order to Show Cause. (*Id*.)

The motion to dismiss is fully briefed. (ECF Nos. 8, 11, 14.) The Court finds Defendant's motion suitable for determination on the papers submitted. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1).

---

[1] On March 24, 2026, Markwayne Mullin became the Secretary of the United States Department of Homeland Security. He is therefore substituted as Defendant in this suit for the prior Secretary, Kristi Noem. *See* Fed. R. Civ. P. 25(d).

- 1 -

Upon review, the Court **GRANTS IN PART with leave to amend** and **DENIES IN PART** Defendant's motion to dismiss.

## I. BACKGROUND

### A. Procedural Background

On April 17, 2025, Plaintiff filed a complaint (1) alleging discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*., and (2) challenging an adverse agency personnel decision. (ECF No. 1.) That same day, the Court issued a summons. (ECF No. 2.)

More than ninety (90) days passed, and Plaintiff did not complete service; the Court issued an Order to Show Cause on July 29, 2025, as to why the case should not be dismissed for Plaintiff's failure to prosecute. (ECF No. 3.) The Court granted Plaintiff until August 19, 2025, to show cause. (*Id*.)

Plaintiff timely returned an executed summons on August 18, 2025. (ECF No. 4.) The executed summons indicated Plaintiff served the Secretary of Homeland Security and the United States Attorney for the Southern District of California; however, Plaintiff did not serve the Attorney General of the United States in Washington, D.C., as required by Rule 4(i). (*Id*.)

Several months later, on November 18, 2025, Defendant filed an ex parte motion to continue his deadline to respond. (ECF No. 5.) Defendant's ex parte motion mentioned that the parties twice met and conferred. (*Id*.) Plaintiff did not meaningfully oppose the request (ECF No. 6), and the Court granted Defendant an extension of time (ECF No. 7).

On December 18, 2025, Defendant filed his motion to dismiss. (ECF No. 8.) In his motion, Defendant sought dismissal in part because of Plaintiff's failure to serve the Attorney General of the United States in Washington, D.C. (*Id*.) Defendant referenced an October 1, 2025, email sent to Plaintiff's counsel, which stated: "I'd also note that the docket does not reflect that Plaintiff has perfected service on the United States." (Ex. 1, ECF No. 8-1.)

25cv0916

On January 8, 2026, Plaintiff filed another executed summons reflecting service on the Attorney General, thus completing service under Rule 4(i). (ECF No. 9.) Shortly thereafter, Plaintiff filed an opposition. (ECF No. 11.) Defendant replied. (ECF No. 14.)

**B.       Factual Background**

Plaintiff, a Hispanic male over the age of forty, was employed by the United States Department of Homeland Security. (Compl. ¶¶ 3, 5, ECF No. 1.)

On April 21, 2021, a California Highway Patrol ("CHP") officer stopped Plaintiff while driving. (Compl. ¶ 6.) The CHP officer asked Plaintiff to submit to a breathalyzer test. (*Id.*) Plaintiff declined. (*Id.*) Plaintiff's subsequent blood test reflected a blood-alcohol level below the DUI threshold. (*Id.*) However, because Plaintiff declined the breathalyzer test, Plaintiff's license was suspended for one year. (*Id.*)

The Department of Homeland Security had a policy permitting employees who lost their licenses due to a DUI to obtain a restricted license to drive at work. (*Id.*) Plaintiff's position did not require a driver's license. (*Id.*) But Plaintiff received a proposed removal and then a removal from his position. (Compl. ¶¶ 6, 7.) Plaintiff alleges that the agency did not terminate at least one similarly situated non-Hispanic border patrol agent who failed to meet a positional requirement and retained other border patrol agents who engaged in serious misconduct. (Compl. ¶ 6.)

On or about February 2, 2022, Plaintiff filed a "mixed case" appeal with the United States Merit Systems Protection Board ("MSPB"). (Compl. ¶ 7.) Administrative Judge Borrowman conducted an evidentiary hearing. (Compl. ¶ 8.) Judge Borrowman issued a decision in favor of Plaintiff on October 11, 2022, reversing the agency's removal and ordering Plaintiff reinstated with backpay. (Compl. ¶ 9.) The agency appealed Judge Borrowman's decision. (*Id.*)

On March 21, 2025, two members of the full MSPB reversed Judge Borrowman's decision, resulting in Plaintiff's termination. (*Id.*)

- 3 -

25cv0916

## II.    ANALYSIS

### A.    Rule 41(b)

Rule 41(b) provides that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

"Dismissal under Rule 41(b) is a sanction, to be imposed only in 'extreme circumstances.'" *Edwards v. Marin Park, Inc*., 356 F.3d 1058, 1063 (9th Cir. 2004) (citing *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996)). A district court must consider the following factors before involuntarily dismissing a case: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

Here, considering the relevant factors, the Court declines to dismiss the action. The Court's Order to Show Cause warned Plaintiff to serve Defendant pursuant to Rule 4(m), not Rule 4(i); Plaintiff complied with the Court's Order, although imperfectly. (ECF No. 3.) Plaintiff properly completed service when apparently put on notice of his mistake. (Brady Decl. ¶¶ 2, 4–5, ECF No. 11-1.) Defendant does not claim, nor does there appear to be, any prejudice to Defendant caused by Plaintiff's failure to properly serve the Attorney General. Defendant responded to Plaintiff's complaint. In contrast, Plaintiff will face prejudice if the case is dismissed; Plaintiff's claim is now time-barred. Public policy favors disposition on the merits rather than dismissal for a technical service mistake.

Finally, the Court need not impose the harsh consequence of involuntary dismissal. When service is improper, the court may either dismiss the action or quash service. *See, e.g.*, *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citation omitted). There are also other less drastic alternatives, including "a warning, formal

- 4 -

reprimand," or monetary sanctions. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987). Here, the Court finds the less drastic alternative of a warning appropriate. The Court warns Plaintiff that any future failure to prosecute this case will result in dismissal.

Further, the Court exercises its discretion to extend the time for service and deems Plaintiff's service to be timely. Rule 4(m) provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The parties debate whether Plaintiff has demonstrated good cause, but "the rule *permits* the district court to grant an extension even in the absence of good cause." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (emphasis in original).

Upon review, the Rule 41(b) factors favor retaining the suit. And the Court deems Plaintiff's service timely under Rule 4(m). Thus, the Court denies Defendant's motion to dismiss under Rule 41(b).

**B.     Rule 12(b)(6)**

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion tests that standard by seeking dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss, a complaint must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While legal conclusions may provide the framework of a complaint, "they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"—in other words, enough to render the claim plausible. *Id*. at 678 (citing *Twombly*, 550 U.S. at 570).

In ruling on a motion to dismiss, the court accepts the complaint's factual allegations as true and construes the pleadings in the light most favorable to the nonmoving party. *See Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008). The

25cv0916

court may not look beyond the complaint. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

If dismissal is warranted, the court considers whether to grant leave to amend. Leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Here, Defendant seeks to dismiss all of Plaintiff's causes of action, which the Court addresses in turn.

### 1. Race and National Origin Discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

There is no "rigid pleading standard for discrimination cases." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). A plaintiff need not plead specific facts establishing a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)—which requires a plaintiff to show membership in a protected class, qualification for the position, an adverse employment action, and more favorable treatment of similarly situated employees outside the protected class. *See Swierkiewicz*, 534 U.S. at 508. *McDonnell Douglas* is an "evidentiary standard, not a pleading requirement." *Id.* at 510; *see also Austin v. Univ. of Or.*, 925 F.3d 1133, 1136 (9th Cir. 2019).

Here, Plaintiff has alleged membership in a protected class and that the agency treated at least one similarly situated border patrol agent more favorably. Further, Plaintiff described the events leading up to his dismissal and a relevant agency policy. *See Swierkiewicz*, 534 U.S. at 514 (finding the pleading requirement satisfied where the plaintiff alleged that he had been terminated on account of his national origin, described the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination). Plaintiff plausibly alleged a Title VII discrimination claim. Thus, the Court denies Defendant's motion to dismiss the Title VII claim.

25cv0916

**2.      Age Discrimination under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq*.**

The ADEA prohibits an employer from "discharging" an employee who is over forty years of age "because of" the employee's age. *See Sheppard v. David Evans & Assoc*., 694 F.3d 1045, 1049 (9th Cir. 2012). An ADEA plaintiff may establish age discrimination through either direct or circumstantial evidence. *Id.* Circumstantial evidence claims are analyzed under the *McDonnell Douglas* framework. *Id*.

Here, the only factual allegation made is that Plaintiff is over forty years of age. Plaintiff's complaint fails to allege a plausible age discrimination claim. Thus, the Court grants with leave to amend Defendant's motion to dismiss the ADEA claim.

**3.      Review of an Agency Decision, 5 U.S.C. § 7703(c)**

A "mixed case" brought under 5 U.S.C. § 7703(b)(2) involves both a personnel action normally appealable to the MSPB and a claim of discrimination. *See Washington v. Garrett*, 10 F.3d 1421, 1428 (9th Cir. 1993), *as amended on denial of reh'g* (Jan. 26, 1994). When the MSPB decides a mixed case, review lies in the district court rather than the Federal Circuit. *See Perry v. Merit Sys. Prot. Bd*., 582 U.S. 420, 423 (2017). The district court accordingly reviews both the lawfulness of the personnel action and the discrimination claim—though under different standards. *See Washington*, 10 F.3d at 1428.

For the personnel action, the district court's review is deferential.[2] The court shall "hold unlawful and set aside any agency action, findings, or conclusions found to be":

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (2) obtained without procedures required by law, rule, or regulation having been followed; or
>
> (3) unsupported by substantial evidence;

5 U.S.C. § 7703(c); *see Romain v. Shear*, 799 F.2d 1416, 1421 (9th Cir. 1986).

---

[2] Plaintiff's discrimination claims, by contrast, are subject to trial de novo. *See Washington v. Garrett*, 10 F.3d 1421, 1428 (9th Cir. 1993), *as amended on denial of reh'g* (Jan. 26, 1994).

25cv0916

Here, Plaintiff alleges that the MSPB's decision was arbitrary, capricious, and unsupported by substantial evidence, yet offers scant factual support. Plaintiff identifies no specific deficiency in the decision—whether procedural or substantive. The only factual allegation offered is that one panel member was appointed by President Trump. (Compl. ¶ 9.) That allegation does nothing. And Plaintiff's grievance that the full panel did not follow Judge Borrowman's decision below reflects nothing more than the consequence of a successful appeal. (*See* Opp'n 11:8–10.)

Thus, the Court grants with leave to amend Defendant's motion to dismiss the § 7703(b)(2) claim.

## III.    CONCLUSION

Accordingly, the Court **GRANTS IN PART with leave to amend** and **DENIES IN PART** Defendant's motion to dismiss. (ECF No. 8.)

Specifically, the Court denies Defendant's motion to dismiss under Rule 41(b). Further, the Court denies Defendant's motion to dismiss the Title VII claim under Rule 12(b)(6), although the Court grants Defendant's motion to dismiss the ADEA and § 7703(b)(2) claims under that standard with leave to amend.

Should Plaintiff wish to file a first amended complaint, Plaintiff must do so on or before <u>May 21, 2026</u>.

**IT IS SO ORDERED.**

**DATED: May 7, 2026**

_____
**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 8 -

25cv0916