**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

BRYAN ORNELAS,

Plaintiff,

v.

MARKWAYNE MULLIN,

Defendant.

Case No. 25-cv-0916-BAS-JLB

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF No. 21)**

Presently before the Court is Defendant's motion to partially dismiss Plaintiff's amended complaint.[1] (ECF No. 21.) Defendant moves to dismiss the third and fourth causes of action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (*Id.*)

The partial motion to dismiss is fully briefed. (ECF Nos. 21, 22, 23.) The Court finds Defendant's motion suitable for determination on the papers submitted. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1).

Upon review, the Court **GRANTS IN PART without leave to amend** and **DENIES IN PART** Defendant's partial motion to dismiss.

[1] On March 24, 2026, Markwayne Mullin became the Secretary of the United States Department of Homeland Security. He is therefore substituted as Defendant in this suit for the prior Secretary, Kristi Noem. *See* Fed. R. Civ. P. 25(d).

## I. BACKGROUND

On May 20, 2026, Plaintiff filed an amended complaint (1) alleging race and national origin discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., and age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*., and (2) challenging an adverse agency personnel decision. (ECF No. 16.) The amended complaint sets out the following factual background.[2]

Plaintiff, a Hispanic male over the age of forty, was employed by the United States Department of Homeland Security. (Am. Compl. ¶¶ 3, 5, ECF No. 16.)

On April 21, 2021, a California Highway Patrol ("CHP") officer stopped Plaintiff while driving. (*Id*. ¶ 6.) The CHP officer asked Plaintiff to submit to a breathalyzer test. (*Id*.) Plaintiff declined. (*Id*.) Plaintiff's subsequent blood test reflected a blood-alcohol level below the DUI threshold. (*Id*.) However, because Plaintiff declined the breathalyzer test, Plaintiff's license was suspended for one year. (*Id*.)

The Department of Homeland Security had a policy permitting employees who lost their licenses due to a DUI to obtain a restricted license to drive at work. (*Id*.) Plaintiff's position did not require a driver's license. (*Id*.) But Plaintiff received a proposed removal and then a removal from his position. (*Id*. ¶¶ 6, 7.) Plaintiff alleges that the agency did not terminate at least one "similarly situated" and "non-Hispanic" border patrol agent who failed to meet a positional requirement and retained one "similarly situated" and "substantially younger" border patrol agent who engaged in serious misconduct. (*Id*. ¶ 6.)

On or about February 2, 2022, Plaintiff filed a "mixed case" appeal with the United States Merit Systems Protection Board ("MSPB"). (*Id*. ¶ 7.) Administrative Judge Borrowman conducted an evidentiary hearing. (*Id*. ¶ 8.) Judge Borrowman issued a

---

[2] The Court notes that the content of Plaintiff's amended complaint remains largely the same as the allegations in the original complaint; for example, even an error in naming the Department of the Navy—instead of the Department of Homeland Security—has remained across the complaints. (*Compare* Compl. ¶ 29, ECF No. 1 *with* Am. Compl. ¶ 31, ECF No. 16.)

decision in favor of Plaintiff on October 11, 2022, reversing the agency's removal and ordering Plaintiff reinstated with back pay. (*Id.* ¶ 9.) The agency appealed Judge Borrowman's decision. (*Id.*)

On March 21, 2025, two members of the full MSPB reversed Judge Borrowman's decision, resulting in Plaintiff's termination. (*Id.*) Plaintiff cites news articles and reports discussing the MSPB's treatment of federal employees as neither fair nor objective. (*Id.* ¶ 10.)

## II. LEGAL STANDARD

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion tests that standard by seeking dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss, a complaint must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While legal conclusions may provide the framework of a complaint, "they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"—in other words, enough to render the claim plausible. *Id.* at 678 (citing *Twombly*, 550 U.S. at 570).

In ruling on a motion to dismiss, the court accepts the complaint's factual allegations as true and construes the pleadings in the light most favorable to the nonmoving party. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court may not look beyond the complaint. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

If dismissal is warranted, the court considers whether to grant leave to amend. Leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). At the same time, "a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v.*

*Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). "[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (quotation omitted).

## III. ANALYSIS

### A. Age Discrimination under the ADEA

The ADEA prohibits an employer from "discharging" an employee who is over forty years of age "because of" the employee's age. *See Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1049 (9th Cir. 2012). An ADEA plaintiff may establish age discrimination through either direct or circumstantial evidence. *Id.* Circumstantial evidence claims are analyzed under the *McDonnell Douglas* framework, outlined in the Court's previous Order. *Id*. Importantly, "[a] plaintiff in an ADEA case is *not required* to plead a prima facie case of discrimination in order to survive a motion to dismiss." *Id.* at 1050 n.2 (emphasis in original) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508–11 (2002)).

Here, Plaintiff once more pleads that he is at least forty years old. Additionally, Plaintiff alleges that an individual, similarly situated and younger, was not fired for serious misconduct. *Cf. Tukay v. United Cont'l Holdings, Inc.*, No. 14-CV-04343-JST, 2014 WL 7275310, at *4 (N.D. Cal. Dec. 22, 2014) (denying the defendant's motion to dismiss where the plaintiff alleged that "other employees who were of a different race or age than himself, and who had committed similar or worse misconduct, were not terminated from employment by [the] defendant"). Plaintiff has alleged enough to raise a plausible claim, even though he does not satisfy a prima facie case of age discrimination.

Thus, the Court denies Defendant's motion to dismiss the ADEA claim.

### B. Review of an Agency Decision

A "mixed case" brought under 5 U.S.C. § 7703(b)(2) involves both a personnel action normally appealable to the MSPB and a claim of discrimination. *See Washington v. Garrett*, 10 F.3d 1421, 1428 (9th Cir. 1993). When the MSPB decides a mixed case, review lies in the district court rather than the Federal Circuit. *See Perry v. Merit Sys. Prot. Bd.*,

582 U.S. 420, 423 (2017). The district court accordingly reviews both the lawfulness of the personnel action and the discrimination claim—though under different standards. *See Washington*, 10 F.3d at 1428.

Review of personnel action is deferential. *See Crowe v. Wormuth*, 74 F.4th 1011, 1037 (9th Cir. 2023). The court shall "hold unlawful and set aside any agency action, findings, or conclusions found to be":

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (2) obtained without procedures required by law, rule, or regulation having been followed; or
>
> (3) unsupported by substantial evidence;

5 U.S.C. § 7703(c); *see Romain v. Shear*, 799 F.2d 1416, 1421 (9th Cir. 1986).

Here, Plaintiff has made conclusory allegations regarding the MSPB's findings and conclusions that cannot state a plausible claim. *See Mortezai v. Dep't of Def.*, No. CV 15-2067 FMO (ASX), 2015 WL 9595392, at *4 (C.D. Cal. Dec. 30, 2015) (determining that the plaintiff "presents no grounds for disturbing the MSPB's decision" where he "does not supply facts sufficient to show the possibility of an error in the MSPB's conclusion"). Plaintiff's only additional allegations concern news articles and reports that supposedly suggest an inference of arbitrariness. Plaintiff alleges the following:

> Plaintiff is informed and believes and on that basis alleges that like the Trump Administration in general, the Trump MSPB's treatment of federal employees is not fair or objective and that therefore a plausible conclusion is that the MSPB in Plaintiff's case was arbitrary, capricious, and abused its discretion, or otherwise acted not in accordance with law, and/or acted without procedures required by law, rule, or regulation and/or the MSPB decision is unsupported by substantial evidence.

(Am. Compl. ¶ 10.)

Although Plaintiff makes general allegations about MSPB bias—based on various news articles and reports—Plaintiff fails to allege facts demonstrating that the decision in *his* case is the result of bias. In other words, there are no allegations that the treatment he received plausibly indicates arbitrariness.

Nor can Plaintiff satisfy plausibility by pleading conclusory allegations on information and belief, because there are no factual allegations regarding his case. *See Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (deciding that the plaintiff "nudged her claim" to plausibility where she relied on factual allegations upon information and belief).

Similar to the original complaint, Plaintiff's amended complaint offers no plausible allegations of procedural or substantive deficiencies in the MSPB's decision. The Court provided Plaintiff with an opportunity to allege defects, but to no avail. Plaintiff instead cited general news articles and reports; further, Plaintiff did not make the effort to identify how these news articles or reports relate to his case. Plaintiff's amended complaint broadly discusses the bias of the Trump-MSPB board, "like the Trump Administration in general." Such pleadings are once more insufficient. Thus, the Court grants with prejudice Defendant's motion to dismiss the § 7703(b)(2) claim.

## IV. CONCLUSION

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's partial motion to dismiss. (ECF No. 21.) Specifically, the Court **DENIES** Defendant's request to dismiss the ADEA claim. The Court **GRANTS** Defendant's request to dismiss the § 7703(b)(2) claim **without leave to amend**.

**IT IS SO ORDERED.**

**DATED: August 3, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**